

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-13-00582-CR

Joel M. **CUEVAS**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 186th Judicial District Court, Bexar County, Texas
Trial Court No. 2011-CR-3780
Honorable Maria Teresa Herr, Judge Presiding

Opinion by:      Rebeca C. Martinez, Justice

Sitting:         Catherine Stone, Chief Justice
                 Sandee Bryan Marion, Justice
                 Rebeca C. Martinez, Justice

Delivered and Filed:   March 19, 2014

AFFIRMED AS MODIFIED; MOTION TO WITHDRAW GRANTED

Joel M. Cuevas pled no contest to theft ($1,500-$20,000) and received deferred adjudication community supervision for a term of five years on March 14, 2013.  TEX. PENAL CODE ANN. § 31.03(b)(1), (e)(4)(A) (West Supp. 2013).  On May 9, 2013, the State filed a motion to adjudicate guilt and revoke his community supervision, alleging a violation of Condition No. 5 by failing to report to his probation officer for the month of April 2013.  The State subsequently filed a supplemental motion adding allegations that Cuevas also violated: Condition No. 1 by committing the offense of failure to identify to a peace officer on May 18, 2013; Condition No. 10

by failing to pay the required fees and restitution; and Condition No. 29 by failing to report weekly for urinalysis testing between March 18 and May 13, 2013, as instructed by the probation department. At the revocation hearing, Cuevas pled "true" to each of the four alleged violations. The trial court found that Cuevas violated the conditions of his community supervision, adjudicated Cuevas guilty, and revoked his community supervision. The court sentenced Cuevas to nine months' imprisonment in the Texas Department of Criminal Justice–State Jail Division, assessed a fine of $1,500, and maintained the prior restitution order. Cuevas now appeals.

Cuevas's court-appointed appellate attorney filed a brief containing a professional evaluation of the record in accordance with *Anders v. California*, 386 U.S. 738 (1967), and a motion to withdraw. In the brief, counsel analyzes three "minimally arguable" points of error but ultimately concludes this appeal is frivolous and without merit. The brief meets the *Anders* requirements. *See id.*; *see also High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978); *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969). As required, counsel provided Cuevas with a copy of the brief and motion to withdraw, and informed him of his right to review the record and file his own *pro se* brief. *See Nichols v. State*, 954 S.W.2d 83, 85-86 (Tex. App.—San Antonio 1997, no pet.); *see also Bruns v. State*, 924 S.W.2d 176, 177 n.1 (Tex. App.—San Antonio 1996, no pet.). Cuevas did not file a *pro se* brief. After reviewing the record and counsel's brief, we conclude there is no reversible error and agree with counsel that the appeal is wholly frivolous. *See Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005).

The judgment signed by the trial court on July 25, 2013, however, assesses attorney's fees in an undetermined amount against Cuevas. The district clerk has filed a supplemental record containing a certified bill of costs. *See* TEX. CODE CRIM. PROC. ANN. art. 103.006 (West 2006) (providing that if a criminal action is appealed, an officer of the court shall certify and sign a bill of costs stating the costs that have accrued and send the bill of costs to the appellate court). The

bill of costs states that the amount of court-appointed attorney's fees assessed against Cuevas is $400.00. *See Armstrong v. State*, 340 S.W.3d 759, 767 (Tex. Crim. App. 2011) ("attorney's fees as set forth in a certified bill of costs are effective whether or not incorporated by reference in the written judgment"). The record indicates that the trial court found Cuevas to be indigent and appointed counsel to represent him in the trial court and on appeal. There is nothing in the record to support a finding that Cuevas's ability to pay attorney's fees changed after the trial court determined him to be indigent. *See Wiley v. State*, 410 S.W.3d 313, 317 (Tex. Crim. App. 2013) (explaining that a defendant who was previously found to be indigent is presumed to remain indigent and, absent any indication in the record that the defendant's financial status has changed, the evidence will not support the imposition of attorney's fees); *see also* TEX. CODE CRIM. PROC. ANN. art. 26.04(p) (West Supp. 2013). Absent a showing of a material change in Cuevas's financial circumstances, it was error for attorney's fees to be assessed against him. *See Fulmer v. State*, 401 S.W.3d 305, 318-19 (Tex. App.—San Antonio 2013, pet. ref'd). Therefore, we modify the judgment and bill of costs to delete the assessment of attorney's fees against Cuevas. *See Green v. State*, No. 04-13-00018-CR, 2013 WL 6200328, at *2 (Tex. App.—San Antonio Nov. 27, 2013, no pet.) (mem. op., not designated for publication) (reforming both the judgment and bill of costs to delete the assessment of attorney's fees against an indigent criminal defendant). The district clerk is ordered to prepare and file a corrected bill of costs in this case. *See id.*; *see also Benavidez v. State*, No. 04-13-00029-CR, 2014 WL 462986, at *2 (Tex. App.—San Antonio Feb. 5, 2014, no pet.).

Accordingly, the judgment of the trial court is affirmed as modified, and appellate counsel's motion to withdraw is granted.[1]  *Nichols*, 954 S.W.2d at 86; *Bruns*, 924 S.W.2d at 177.

Rebeca C. Martinez, Justice

DO NOT PUBLISH

---

[1] No substitute counsel will be appointed.  Should Cuevas wish to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or must file a *pro se* petition for discretionary review.  Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing that is overruled by this court.  *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed in the Court of Criminal Appeals.  *See* TEX. R. APP. P. 68.3.  Any petition for discretionary review must comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure.  *See* TEX. R. APP. P. 68.4.