

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-14-00218-CR

Bruno **CARMONA**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 227th Judicial District Court, Bexar County, Texas
Trial Court No. 2009CR11004
Honorable Philip A. Kazen, Jr., Judge Presiding

Opinion by:　Luz Elena D. Chapa, Justice

Sitting:　　Sandee Bryan Marion, Justice
　　　　　Marialyn Barnard, Justice
　　　　　Luz Elena D. Chapa, Justice

Delivered and Filed:　October 8, 2014

MOTION TO WITHDRAW GRANTED; AFFIRMED AS MODIFIED

Bruno Carmona pled guilty to a charge of indecency with a child by contact in exchange

for the State's recommendation that adjudication be deferred. Pursuant to the plea agreement, the

trial court deferred adjudication and placed Carmona on community supervision for a period of

ten years. The State subsequently filed a motion to adjudicate guilt, alleging Carmona violated

various conditions of his community supervision. Carmona pled true to violating the condition

that required him to report to his supervision officer. The trial court adjudicated Carmona guilty,

sentenced him to fifteen years in prison, and assessed a $1,500 fine. The final judgment imposed

court costs on Carmona of "$1,410.00 plus atty fees." A supplemental record containing the Clerk's bill of costs issued after judgment, includes attorney's fees in the amount of $850.00.

Carmona's court-appointed appellate attorney filed a motion to withdraw and a brief in which he concludes this appeal is frivolous and without merit. However, counsel asserts that the judgment and bill of costs should be reformed to delete the requirement that Carmona pay attorney's fees. The State filed a letter waiving its right to file a response brief.

Counsel's brief meets the requirements of *Anders v. California*, 386 U.S. 738 (1967), *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978), and *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969). Counsel sent copies of the brief and motion to withdraw to Carmona and informed him of his rights in compliance with the requirements of *Kelly v. State*, 436 S.W.3d 313 (2014). Counsel provided appellant with a copy of the appellate record, and this court set a deadline for Carmona to file a pro se brief. No pro se brief was filed.

After reviewing the record, we conclude the judgment assessing attorney's fees against Carmona should be modified. A "'defendant who is determined by the court to be indigent is presumed to remain indigent for the remainder of the proceedings in the case unless a material change in the defendant's financial circumstances occurs.'" *Cates v. State*, 402 S.W.3d 250, 251 (Tex. Crim. App. 2013) (quoting TEX. CODE CRIM. PROC. ANN. art. 26.04(p) (West Supp. 2013)). Carmona was appointed counsel to represent him throughout all stages of the proceedings. The record provides no factual basis for a determination that he ever became able to pay attorney's fees. *See Cates*, 402 S.W.3d at 252.

The trial court's order deferring adjudication imposed court costs on Carmona of "$560.00 plus atty fees." However, Carmona was not required to pay attorney's fees as a condition of his community supervision, payment of attorney's fees was not part of his plea agreement, and nothing in the record indicates that Carmona was made aware at that time of the amount of "atty fees" he

was required to pay. The district clerk did not produce a bill of costs that included appointed attorney's fees until more than seven months after the deferred adjudication order was signed. "At the time the trial court signed the order deferring adjudication, there was nothing for appellant to challenge with respect to attorney's fees and, therefore, nothing for him to knowingly and intelligently waive." *Lawrence v. State*, 420 S.W.3d 329, 334-35 (Tex. App.—Fort Worth 2014, pet. ref'd). Carmona therefore did not forfeit his right to appeal the imposition of fees that accrued before the final revocation proceeding. *See id.*; *compare Wiley v. State*, 410 S.W.3d 313, 320 (Tex. Crim. App. 2013) (holding failure to appeal deferred adjudication order was procedural default where "appellant was well aware of the existence *and the amount* of the attorney fees that were imposed for his court appointed representation during the plea proceedings" (emphasis added)).

The final bill of cost includes $850.00 attorney's fees as costs. Because our review of the record reveals the trial court did not make a finding that Carmona's financial circumstances changed such that he became able to pay all or a part of his appointed attorney's fees, we modify the judgment to delete the assessment of attorney's fees as costs. The bill of costs and any order to withdraw funds from appellant's inmate account are modified to delete the requirement that he pay $850.00 in appointed attorney's fees. *See Cates*, 402 S.W.3d at 251-52; *Benavidez v. State*, 423 S.W.3d 520, 521 (Tex. App.—San Antonio 2014, no pet.).

We have thoroughly reviewed the record and counsel's brief. We agree with counsel that, except for the modification to remove the imposition of attorney's fees as costs, the appeal is wholly frivolous and without merit. *See Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim.

App. 2005).  We therefore grant the motion to withdraw filed by Carmona's counsel and affirm the trial court's judgment as modified.[1]

                                        Luz Elena D. Chapa, Justice

Do not publish

---

[1] No substitute counsel will be appointed. Should Carmona wish to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days after either this opinion is rendered or the last timely motion for rehearing or motion for en banc reconsideration is overruled by this court. *See* TEX. R. APP. P. 68.2.  Any petition for discretionary review must be filed with the clerk of the Court of Criminal Appeals. *See id.* R. 68.3. Any petition for discretionary review must comply with the requirements of rule 68.4 of the Texas Rules of Appellate Procedure. *See id.* R. 68.4.