

# Fourth Court of Appeals

## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-14-00883-CR

Darius **DUKES**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 198th Judicial District Court, Bandera County, Texas
Trial Court No. CR-12-041
Honorable M. Rex Emerson, Judge Presiding

Opinion by:    Rebeca C. Martinez, Justice

Sitting:        Rebeca C. Martinez, Justice
             Patricia O. Alvarez, Justice
             Luz Elena D. Chapa, Justice

Delivered and Filed:  October 21, 2015

AFFIRMED AS MODIFIED; MOTION TO WITHDRAW GRANTED

Darius Dukes pled guilty to possession of a controlled substance with intent to deliver in a drug free zone and received deferred adjudication community supervision for a term of ten years on May 9, 2013.  The trial court modified the conditions of Dukes' community supervision on March 25, 2014 to require placement in a substance abuse treatment facility for a period of 90 days to one year.  On June 26, 2014, the State filed a motion to adjudicate guilt and revoke his community supervision alleging that Dukes had violated multiple conditions of his community supervision, including committing a new offense and testing positive for marijuana use on several

occasions. At the hearing on November 17, 2014, Dukes pled "true" to several of the alleged violations: failure to pay the $500 fine in violation of condition (j); failure to pay court costs in violation of condition (k); failure to file a financial statement following default on payments in violation of condition (n); failure to abstain from drug use in violation of condition (o); and failure to pay the $50 Crime Stoppers fee in violation of condition (r). The trial court found that Dukes violated the conditions of his community supervision, adjudicated Dukes guilty, and revoked his community supervision. The court sentenced Dukes to ten years in prison, but suspended the sentence and placed him on community supervision for a period of ten years. The court also assessed $162 in appointed attorney's fees and $55 in court costs for the adjudication/revocation proceeding. Dukes now appeals.

Dukes' court-appointed appellate attorney filed a brief containing a professional evaluation of the record in accordance with *Anders v. California*, 386 U.S. 738 (1967), and a motion to withdraw. In the brief, counsel raises no arguable appellate issues, and concludes this appeal is frivolous and without merit. The brief meets the *Anders* requirements. *See id.*; *see also High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978); *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969). As required, counsel provided Dukes with a copy of the brief, motion to withdraw, and appellate record, and informed him of his right to file his own *pro se* brief. *See Kelly v. State*, 436 S.W.3d 313, 319 (Tex. Crim. App. 2014); *see also Nichols v. State*, 954 S.W.2d 83, 85-86 (Tex. App.—San Antonio 1997, no pet.); *Bruns v. State*, 924 S.W.2d 176, 177 n.1 (Tex. App.—San Antonio 1996, no pet.). Dukes did not file a *pro se* brief. After reviewing the record and counsel's brief, we conclude there is no reversible error and agree with counsel that the appeal is wholly frivolous. *See Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005).

The judgment signed by the trial court on November 17, 2014, however, assesses attorney's fees in the amount of $162 against Dukes for the adjudication/revocation proceeding.[1] The record indicates that the trial court found Dukes to be indigent and appointed counsel to represent him in the trial court at the adjudication/revocation proceeding and on appeal. There is nothing in the record to support a finding that Dukes' ability to pay attorney's fees changed after the trial court determined him to be indigent. *See Wiley v. State*, 410 S.W.3d 313, 317 (Tex. Crim. App. 2013) (explaining that a defendant who was previously found to be indigent is presumed to remain indigent and, absent any indication in the record that the defendant's financial status has changed, the evidence will not support the imposition of attorney's fees); *see also* TEX. CODE CRIM. PROC. ANN. art. 26.04(p) (West Supp. 2013). Absent a showing of a material change in Dukes' financial circumstances, it was error for attorney's fees to be assessed against him. *See Fulmer v. State*, 401 S.W.3d 305, 318-19 (Tex. App.—San Antonio 2013, pet. ref'd). Therefore, we modify the judgment and bill of costs to delete the assessment of $162 in attorney's fees against Dukes. *See Green v. State*, No. 04-13-00018-CR, 2013 WL 6200328, at *2 (Tex. App.—San Antonio Nov. 27, 2013, no pet.) (mem. op., not designated for publication) (reforming both the judgment and bill of costs to delete the assessment of attorney's fees against an indigent criminal defendant). The district clerk is ordered to prepare and file a corrected bill of costs in this case. *See id.*; *see also Benavidez v. State*, No. 04-13-00029-CR, 2014 WL 462986, at *2 (Tex. App.—San Antonio Feb. 5, 2014, no pet.).

---

[1] The certified bill of costs also assesses attorney's fees in the amount of $1,430 for the original trial court proceedings that resulted in the order for deferred adjudication. *See Armstrong v. State*, 340 S.W.3d 759, 767 (Tex. Crim. App. 2011) ("attorney's fees as set forth in a certified bill of costs are effective whether or not incorporated by reference in the written judgment"). Because Dukes could have challenged the imposition of those attorney's fees in a direct appeal from the initial judgment, but did not do so, the issue has been procedurally defaulted. *See Riles v. State*, 452 S.W.3d 333, 337-38 (Tex. Crim. App. 2015).

Accordingly, the judgment of the trial court is affirmed as modified, and appellate counsel's motion to withdraw is granted.[2] *Nichols*, 954 S.W.2d at 86; *Bruns*, 924 S.W.2d at 177.

Rebeca C. Martinez, Justice

DO NOT PUBLISH

---

[2] No substitute counsel will be appointed. Should Dukes wish to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or must file a *pro se* petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing that is overruled by this court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed in the Court of Criminal Appeals. *See* TEX. R. APP. P. 68.3. Any petition for discretionary review must comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 68.4.