

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-15-00032-CR

Richard Allen **CLARK**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 216th Judicial District Court, Kerr County, Texas
Trial Court No. A10-243
Honorable N. Keith Williams, Judge Presiding

Opinion by:    Rebeca C. Martinez, Justice

Sitting:    Rebeca C. Martinez, Justice
    Patricia O. Alvarez, Justice
    Luz Elena D. Chapa, Justice

Delivered and Filed:  October 28, 2015

AFFIRMED AS MODIFIED; MOTION TO WITHDRAW GRANTED

Richard Allen Clark pled guilty to stalking and received deferred adjudication community supervision for a term of ten years on July 22, 2010.  *See* TEX. PENAL CODE ANN. § 42.072 (West Supp. 2014).  On November 22, 2013, the State filed a motion to adjudicate guilt and revoke his community supervision alleging that Clark had violated his community supervision by committing a new offense.  The State then filed a series of amended motions to adjudicate and revoke alleging several additional violations, including the commission of additional offenses, repeated failure to report, and failure to pay the assessed fine and fees.  At the hearing held on October 30, 2014,

Clark pled "true" to all of the alleged violations pursuant to a plea bargain agreement under which the State agreed to recommend a ten-year cap on any term of imprisonment. The trial court found that Clark violated the conditions of his community supervision, adjudicated Clark guilty, and revoked his community supervision. At the punishment hearing on December 18, 2014, the court considered the pre-sentence report and the testimony by Clark and one of the victims. The court sentenced Clark to ten years' imprisonment in the Texas Department of Criminal Justice, Institutional Division, and assessed $2,272 in attorney's fees and $398 in court costs. Clark now appeals.

Clark's court-appointed appellate attorney filed a brief containing a professional evaluation of the record in accordance with *Anders v. California*, 386 U.S. 738 (1967), and a motion to withdraw. In the brief, counsel raises no arguable appellate issues, and concludes this appeal is frivolous and without merit. The brief meets the *Anders* requirements. *See id*.; *see also High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978); *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969). As required, counsel provided Clark with a copy of the brief, motion to withdraw, and appellate record, and informed him of his right to file his own *pro se* brief. *See Kelly v. State*, 436 S.W.3d 313, 319 (Tex. Crim. App. 2014); *see also Nichols v. State*, 954 S.W.2d 83, 85-86 (Tex. App.—San Antonio 1997, no pet.); *Bruns v. State*, 924 S.W.2d 176, 177 n.1 (Tex. App.—San Antonio 1996, no pet.). Clark did not file a *pro se* brief. After reviewing the record and counsel's brief, we conclude there is no reversible error and agree with counsel that the appeal is wholly frivolous. *See Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005).

The judgment signed by the trial court on December 18, 2014, however, assesses attorney's fees in in the amount of $2,272 against Clark. The certified bill of costs contained in the record also states that the amount of court-appointed attorney's fees assessed against Clark is $2,272. *See* TEX. CODE CRIM. PROC. ANN. art. 103.006 (West 2006) (providing that if a criminal action is

appealed, an officer of the court shall certify and sign a bill of costs stating the costs that have accrued and send the bill of costs to the appellate court); *see also Armstrong v. State*, 340 S.W.3d 759, 767 (Tex. Crim. App. 2011) ("attorney's fees as set forth in a certified bill of costs are effective whether or not incorporated by reference in the written judgment"). The record indicates that the trial court found Clark to be indigent and appointed counsel to represent him in the trial court and on appeal. There is nothing in the record to support a finding that Clark's ability to pay attorney's fees changed after the trial court determined him to be indigent. *See Wiley v. State*, 410 S.W.3d 313, 317 (Tex. Crim. App. 2013) (explaining that a defendant who was previously found to be indigent is presumed to remain indigent and, absent any indication in the record that the defendant's financial status has changed, the evidence will not support the imposition of attorney's fees); *see also* TEX. CODE CRIM. PROC. ANN. art. 26.04(p) (West Supp. 2014). Absent a showing of a material change in Clark's financial circumstances, it was error for attorney's fees to be assessed against him. *See Fulmer v. State*, 401 S.W.3d 305, 318-19 (Tex. App.—San Antonio 2013, pet. ref'd). Therefore, we modify the judgment and bill of costs to delete the assessment of attorney's fees against Clark. *See Green v. State*, No. 04-13-00018-CR, 2013 WL 6200328, at *2 (Tex. App.—San Antonio Nov. 27, 2013, no pet.) (mem. op., not designated for publication) (reforming both the judgment and bill of costs to delete the assessment of attorney's fees against an indigent criminal defendant). The district clerk is ordered to prepare and file a corrected bill of costs in this case. *See id.*; *see also Benavidez v. State*, No. 04-13-00029-CR, 2014 WL 462986, at *2 (Tex. App.—San Antonio Feb. 5, 2014, no pet.).

Accordingly, the judgment of the trial court is affirmed as modified, and appellate counsel's motion to withdraw is granted.[1] *Nichols*, 954 S.W.2d at 86; *Bruns*, 924 S.W.2d at 177.

Rebeca C. Martinez, Justice

DO NOT PUBLISH

---

[1] No substitute counsel will be appointed. Should Clark wish to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or must file a *pro se* petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing that is overruled by this court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed in the Court of Criminal Appeals. *See* TEX. R. APP. P. 68.3. Any petition for discretionary review must comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 68.4.