

## Fourth Court of Appeals

### San Antonio, Texas

### MEMORANDUM OPINION

No. 04-17-00685-CR

Robert Miles **DUNCAN**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 198th Judicial District Court, Bandera County, Texas
Trial Court No. CR-14-0000076
Honorable M. Rex Emerson, Judge Presiding

Opinion by:    Rebeca C. Martinez, Justice

Sitting:    Sandee Bryan Marion, Chief Justice
Rebeca C. Martinez, Justice
Irene Rios, Justice

Delivered and Filed:  November 14, 2018

AFFIRMED AS MODIFIED; MOTION TO WITHDRAW GRANTED

On August 8, 2016, Robert Miles Duncan pled guilty to the state jail felony offense of possession of a controlled substance, i.e., methamphetamine (less than 1 gram), and received deferred adjudication community supervision for a term of five years.  *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115.  On January 17, 2017, the State filed a motion to proceed with adjudication of guilt and revocation of community supervision alleging that Duncan violated multiple conditions of his community supervision.  The State filed a first amended motion to proceed on March 6, 2017.

A hearing was held on September 18, 2017. At the beginning of the hearing, the State recited that it was abandoning the alleged violations of Conditions A, B (second and third paragraphs), C, and Q (second paragraph). Duncan then pled "true" to the alleged violations of Condition B by using methamphetamine on or about August 17, 2016, as evidenced by his admission of use), Condition D by failing to report to his probation officer on October 13, 2016, November 8, 2016, and December 2016), Condition I(1) through (4) by failing to pay court costs, the $2,500 fine, probation fees, and attorney's fees, Condition N by failing to pay restitution, and Condition Q by failing to abstain from using alcohol or controlled substances on or about August 17, 2016. Duncan pled "not true" to violating Conditions H, K, L, M, and S. After an evidentiary hearing, the trial court found the allegations that Duncan violated Conditions B, D, H, I(1) through (4), K, L, M, N, and Q to be "true."[1] The trial court proceeded to adjudicate Duncan guilty of the underlying possession of a controlled substance and revoked his community supervision. The trial court sentenced Duncan to serve twenty-four months' imprisonment in the Texas Department of Criminal Justice—State Jail Division, and imposed a fine of $2,500. Duncan now appeals.

Duncan's court-appointed appellate attorney filed a brief containing a professional evaluation of the record in accordance with *Anders v. California*, 386 U.S. 738 (1967), and a motion to withdraw. In the brief, counsel raises no arguable appellate issues, and concludes this appeal is frivolous and without merit. The brief meets the *Anders* requirements. *See id*.; *see also High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978); *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969). As required, counsel provided Duncan with a copy of the brief and motion to

---

[1] Duncan's appellate counsel asserts that the judgment incorrectly reflects that he violated *all* the Conditions alleged in the State's motion, including those abandoned at the hearing, and requests that we reform the judgment to delete the alleged violations the State abandoned. However, the face of the judgment accurately states that Duncan violated only "Conditions B, D, H, I(1)—(4), K, L, M, N, Q". The judgment refers to the attached "Exhibit A" as "Conditions of Community Supervision." The judgment does not contain the purported clerical error.

withdraw, and informed him of his right to receive a copy of the appellate record and to file his own *pro se* brief. *See Kelly v. State*, 436 S.W.3d 313, 319 (Tex. Crim. App. 2014); *see also Nichols v. State*, 954 S.W.2d 83, 85-86 (Tex. App.—San Antonio 1997, no pet.); *Bruns v. State*, 924 S.W.2d 176, 177 n.1 (Tex. App.—San Antonio 1996, no pet.). Duncan did not file a *pro se* brief. After reviewing the record and counsel's brief, we conclude there is no reversible error and agree with counsel that the appeal is wholly frivolous. *See Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005).

The judgment signed by the trial court on September 20, 2017, however, assesses attorney's fees in the amount of $325 against Duncan for the adjudication/revocation proceeding. The record indicates that the trial court found Duncan to be indigent and appointed counsel to represent him in the trial court at the adjudication/revocation proceeding and on appeal. There is nothing in the record to support a finding that Duncan's ability to pay attorney's fees changed after the trial court determined him to be indigent. *See Wiley v. State*, 410 S.W.3d 313, 317 (Tex. Crim. App. 2013) (explaining that a defendant who was previously found to be indigent is presumed to remain indigent and, absent any indication in the record that the defendant's financial status has changed, the evidence will not support the imposition of attorney's fees); *see also* TEX. CODE CRIM. PROC. ANN. art. 26.04(p). Absent a showing of a material change in Duncan's financial circumstances, it was error for attorney's fees to be assessed against him. *See Fulmer v. State*, 401 S.W.3d 305, 318-19 (Tex. App.—San Antonio 2013, pet. ref'd). Therefore, we modify the judgment and bill of costs to delete the assessment of $325 in attorney's fees against Duncan. *See Green v. State*, No. 04-13-00018-CR, 2013 WL 6200328, at *2 (Tex. App.—San Antonio Nov. 27, 2013, no pet.) (mem. op., not designated for publication) (reforming both the judgment and bill of costs to delete the assessment of attorney's fees against an indigent criminal defendant). The district clerk is ordered to prepare and file a corrected bill of costs in this case. *See id.*; *see*

*also Benavidez v. State*, No. 04-13-00029-CR, 2014 WL 462986, at *2 (Tex. App.—San Antonio

Feb. 5, 2014, no pet.).

Accordingly, the judgment of the trial court is affirmed as modified, and appellate

counsel's motion to withdraw is granted.[2]  *Nichols*, 954 S.W.2d at 86; *Bruns*, 924 S.W.2d at 177.

Rebeca C. Martinez, Justice

DO NOT PUBLISH

---

[2] No substitute counsel will be appointed.  Should Duncan wish to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or must file a *pro se* petition for discretionary review.  Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing that is overruled by this court.  *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed in the Court of Criminal Appeals.  *See* TEX. R. APP. P. 68.3.  Any petition for discretionary review must comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure.  *See* TEX. R. APP. P. 68.4.