

# Fourth Court of Appeals
## San Antonio, Texas

## OPINION

No. 04-13-00029-CR

Horacio Fidencio **BENAVIDEZ**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 218th Judicial District Court, Frio County, Texas
Trial Court No. 10-11-00132-CRF
Honorable Stella Saxon, Judge Presiding

Opinion by:     Karen Angelini, Justice

Sitting:          Catherine Stone, Chief Justice
                  Karen Angelini, Justice
                  Luz Elena D. Chapa, Justice

Delivered and Filed:  February 5, 2014

AFFIRMED; MOTION TO WITHDRAW GRANTED

Horacio Fidencio Benavidez was indicted for three counts of aggravated sexual assault of a child. Benavidez pled nolo contendere to each count in the indictment. The trial court held a sentencing hearing, assessed punishment at forty years' imprisonment for each count, and ordered the sentences to run concurrently. The trial court signed a separate judgment for each count. Benavidez appealed.

**APPEAL ON THE MERITS**

Benavidez's court-appointed appellate counsel has filed a brief stating that he has conducted a thorough examination of the record and researched the law, and he cannot find any ground of error that supports a legitimate argument for reversal. Counsel analyzes one potential ground of error, but ultimately concludes that this appeal is wholly frivolous and without merit. *See Anders v. California*, 386 U.S. 738 (1967); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978). Counsel represents that Benavidez was provided with a copy of the brief, and was informed of his right to review the record and file his own brief. *See Bruns v. State*, 924 S.W.3d 176, 177 n.1 (Tex. App.—San Antonio 1996, no pet.). Counsel has filed a motion to withdraw. Benavidez has not filed a pro se brief.

We have reviewed counsel's brief and the record. We conclude this appeal is frivolous and without merit. We affirm the trial court's judgments, and grant counsel's motion to withdraw.[1] *See Nichols v. State*, 954 S.W.2d 83, 85-86 (Tex. App.—San Antonio 1997, no pet.); *id*.

**ATTORNEY'S FEES**

The district clerk has filed a supplemental record containing a certified bill of costs. *See* TEX. CODE CRIM. PROC. ANN. art. 103.006 (West 2006) (providing that if a criminal action is appealed, an officer of the court shall certify and sign a bill of costs stating the costs that have accrued and send the bill of costs to the appellate court). Although the trial court's judgments do not expressly order Benavidez to pay court-appointed attorney's fees, the certified bill of costs

---

[1]No substitute counsel will be appointed. Should Benavidez wish to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the later of (1) the date of this opinion; or (2) the date the last timely motion for rehearing is overruled by this court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed in the Court of Criminal Appeals. *See* TEX. R. APP. P. 68.3. Any petition for discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 68.4.

shows that Benavidez accrued $2000.00 in attorney's fees in this case. The Texas Court of Criminal Appeals has stated that "attorney's fees as set forth in a certified bill of costs are effective whether or not incorporated by reference in the written judgment." *Armstrong v. State*, 340 S.W.3d 759, 767 (Tex. Crim. App. 2011).

The record shows the trial court found Benavidez to be indigent and appointed appellate counsel to represent him. "A defendant who is determined by the court to be indigent is presumed to remain indigent for the remainder of the proceedings in the case unless a material change in the defendant's financial circumstances occurs." TEX. CODE CRIM. PROC. ANN. art. 26.04(p) (West 2009); *see Fulmer v. State*, 401 S.W.3d 305, 318-19 (Tex. App.—San Antonio 2013, pet. ref'd) (holding the trial court erred in ordering an indigent criminal defendant to pay court-appointed attorney's fees when there was no evidence of a material change in his financial circumstances). Here, nothing in the record shows a material change in Benavidez's financial circumstances since counsel was appointed to represent him. Absent a showing of a material change in Benavidez's financial circumstances, it was error for the district clerk to assess attorney's fees against him in the bill of costs.

Because the assessment of attorney's fees against Benavidez was erroneous, it must be corrected. Accordingly, we order the district clerk to delete the $2,000.00 in attorney's fees from the bill of costs, and to prepare and file a corrected bill of costs in this case. *See Green v. State*, No. 04-13-00018-CR, 2013 WL 6200328, at *2 (Tex. App.—San Antonio Nov. 27, 2013, no pet.) (mem. op., not designated for publication) (reforming both the judgment and the bill of costs to delete the assessment of attorney's fees against an indigent criminal defendant).

Karen Angelini, Justice

Publish