

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-14-00214-CR

Jose **MOORE**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 379th Judicial District Court, Bexar County, Texas
Trial Court No. 2010CR6257
Honorable Ron Rangel, Judge Presiding

Opinion by:    Luz Elena D. Chapa, Justice

Sitting:    Rebeca C. Martinez, Justice
Patricia O. Alvarez, Justice
Luz Elena D. Chapa, Justice

Delivered and Filed:  November 5, 2014

MOTION TO WITHDRAW GRANTED; AFFIRMED AS MODIFIED

Jose Moore pled nolo contendere to burglary of a habitation.  The trial court sentenced Moore to six years in prison, fined him $2,000, and suspended the sentence of confinement.  Moore was placed on community supervision for a period of six years.  The State subsequently filed a motion to revoke, alleging Moore violated various conditions of his community supervision. Moore pled true to failing to report to his supervision officer and to submit to urinalysis tests as ordered.  The trial court revoked Moore's community supervision and imposed sentence of four years in the Texas Department of Criminal Justice-Institutional Division.  The final judgment

imposed court costs on Moore of "$910.00 plus atty fees." A supplemental record containing the Clerk's bill of costs issued after judgment, includes attorney's fees in the amount of $600.00.

Moore's court-appointed appellate attorney filed a motion to withdraw and a brief in which he concludes this appeal is frivolous and without merit. However, counsel asserts that the judgment and bill of costs should be reformed to delete the requirement that Moore pay attorney's fees. The State filed a letter waiving its right to file a response brief.

Counsel's brief meets the requirements of *Anders v. California*, 386 U.S. 738 (1967), *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978), and *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969). Counsel sent copies of the brief and motion to withdraw to Moore and informed him of his rights in compliance with the requirements of *Kelly v. State*, 436 S.W.3d 313 (2014). Counsel also advised appellant to immediately file a motion in this court if he wished to review the appellate record and enclosed a form motion for that purpose. Appellant did not request access to the record. This court then set a deadline for Moore to file a pro se brief, but no pro se brief was filed.

After reviewing the record and counsel's brief, we find no reversible error and agree with counsel the appeal is wholly frivolous. *See Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005). However, we also conclude the judgment assessing costs and attorney's fees against Moore should be modified. A "defendant who is determined by the court to be indigent is presumed to remain indigent for the remainder of the proceedings in the case unless a material change in the defendant's financial circumstances occurs.'" *Cates v. State*, 402 S.W.3d 250, 251 (Tex. Crim. App. 2013) (quoting TEX. CODE CRIM. PROC. ANN. art. 26.04(p) (West Supp. 2013)). Moore had counsel appointed to represent him throughout all stages of the proceedings. The record provides no factual basis for a determination that he ever became able to pay attorney's fees. *See Cates*, 402 S.W.3d at 252. We therefore modify the judgment to delete the assessment of

attorney's fees against Moore. The bill of costs and any order to withdraw funds from appellant's inmate account are modified to delete the requirement that he pay appointed attorney's fees. *See Cates*, 402 S.W.3d at 251-52; *Benavidez v. State*, 423 S.W.3d 520, 521 (Tex. App.—San Antonio 2014, no pet.).

We therefore grant the motion to withdraw filed by Moore's counsel and affirm the trial court's judgment as modified.[1]

Luz Elena D. Chapa, Justice

DO NOT PUBLISH

---

[1] No substitute counsel will be appointed. Should Moore wish to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days after either this opinion is rendered or the last timely motion for rehearing or motion for en banc reconsideration is overruled by this court. *See* Tex. R. App. P. 68.2. Any petition for discretionary review must be filed with the clerk of the Court of Criminal Appeals. *See id.* R. 68.3. Any petition for discretionary review must comply with the requirements of rule 68.4 of the Texas Rules of Appellate Procedure. *See id.* R. 68.4.