

# Fourth Court of Appeals

## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-14-00348-CR

Jacob **KLEIN**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 144th Judicial District Court, Bexar County, Texas
Trial Court No. 2013CR2866
Honorable Pat Priest, Judge Presiding

Opinion by:     Rebeca C. Martinez, Justice

Sitting:     Karen Angelini, Justice
            Marialyn Barnard, Justice
            Rebeca C. Martinez, Justice

Delivered and Filed:  February 4, 2015

AFFIRMED AS MODIFIED; MOTION TO WITHDRAW GRANTED

Jacob Klein pled true to violating conditions of his deferred adjudication community supervision. The trial court found that Klein violated the conditions of his community supervision, adjudicated Klein guilty, and revoked his community supervision. The court sentenced Klein to five years' imprisonment in the Texas Department of Criminal Justice–State Jail Division, assessed a fine of $1,000, and maintained the prior restitution order. Klein was also assessed court costs and attorney's fees. He now appeals.

Klein's court-appointed attorney filed a brief containing a professional evaluation of the record in accordance with *Anders v. California*, 386 U.S. 738 (1967). Counsel concludes that the appeal has no merit. Counsel provided Klein with a copy of the brief and informed him of his right to review the record and to file his own brief. *See Nichols v. State*, 954 S.W.2d 83, 85-86 (Tex. App.—San Antonio 1997, no pet.); *Bruns v. State*, 924 S.W.2d 176, 177 n.1 (Tex. App.—San Antonio 1996, no pet.). Klein did not file a *pro se* brief. After reviewing the record and counsel's brief, we agree that the appeal is frivolous and without merit.

The judgment signed by the trial court on April 14, 2014, however, assesses attorney's fees in an undetermined amount against Klein. The district clerk has filed a supplemental record containing a certified bill of costs. *See* TEX. CODE CRIM. PROC. ANN. art. 103.006 (West 2006) (providing that if a criminal action is appealed, an officer of the court shall certify and sign a bill of costs stating the costs that have accrued and send the bill of costs to the appellate court). The bill of costs states that the amount of court-appointed attorney's fees assessed against Klein is "TBD." *See Armstrong v. State*, 340 S.W.3d 759, 767 (Tex. Crim. App. 2011) ("attorney's fees as set forth in a certified bill of costs are effective whether or not incorporated by reference in the written judgment"). It is apparent from the record that the trial court found Klein to be indigent and appointed counsel to represent him in the trial court and on appeal. There is nothing in the record to support a finding that Klein's ability to pay attorney's fees changed after the trial court determined him to be indigent. *See Wiley v. State*, 410 S.W.3d 313, 317 (Tex. Crim. App. 2013) (explaining that a defendant who was previously found to be indigent is presumed to remain indigent and, absent any indication in the record that the defendant's financial status has changed, the evidence will not support the imposition of attorney's fees); *see also* TEX. CODE CRIM. PROC. ANN. art. 26.04(p) (West Supp. 2014). Absent a showing of a material change in Klein's financial circumstances, it was error for attorney's fees to be assessed against him. *See Fulmer v. State*, 401

S.W.3d 305, 318-19 (Tex. App.—San Antonio 2013, pet. ref'd). Therefore, we modify the judgment to delete the assessment of attorney's fees against Klein. *Id*. at 318. The district clerk is ordered to delete the attorney's fees from the bill of costs and to prepare and file a corrected bill of costs in this case. *See Green v. State*, No. 04-13-00018-CR, 2013 WL 6200328, at *2 (Tex. App.—San Antonio Nov. 27, 2013, no pet.) (mem. op., not designated for publication) (reforming both the judgment and the bill of costs to delete the assessment of attorney's fees against an indigent criminal defendant); *see also Benavidez v. State*, 423 S.W.3d 520, 522 (Tex. App.—San Antonio 2014, no pet.).

Accordingly, the judgment of the trial court is affirmed as modified, and appellate counsel's request to withdraw is granted. *Nichols*, 954 S.W.2d at 86; *Bruns*, 924 S.W.2d at 177 n.1. No substitute counsel will be appointed. Should Klein wish to seek further review of this case by the Texas Court of Criminal Appeals, Klein must either retain an attorney to file a petition for discretionary review or Klein must file a *pro se* petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the later of: (1) the date of this opinion; or (2) the date the last timely motion for rehearing is overruled by this court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed in the Texas Court of Criminal Appeals. *See* TEX. R. APP. P. 68.3. Any petition for discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 68.4.

Rebeca C. Martinez, Justice

Do not publish