

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-17-00730-CR

Terrence Jerome **BYRD**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 187th Judicial District Court, Bexar County, Texas
Trial Court No. 2014CR9362W
Honorable Olin B. Strauss, Judge Presiding

Opinion by:     Sandee Bryan Marion, Chief Justice

Sitting:         Sandee Bryan Marion, Chief Justice
                 Marialyn Barnard, Justice
                 Patricia O. Alvarez, Justice

Delivered and Filed:  September 5, 2018

AFFIRMED

Terrence Jerome Byrd pled true to violating the conditions of his deferred adjudication community supervision and was sentenced to one year in state jail. Byrd's court-appointed attorney filed a brief containing a professional evaluation of the record in accordance with *Anders v. California*, 386 U.S. 738 (1967). Counsel concludes that the appeal has no merit. Counsel provided Byrd with a copy of the brief and informed him of his right to review the record and file his own brief. *See Nichols v. State*, 954 S.W.2d 83, 85-86 (Tex. App.—San Antonio 1997, no

pet.); *Bruns v. State*, 924 S.W.2d 176, 177 n.1 (Tex. App.—San Antonio 1996, no pet.). Byrd did not file a *pro se* brief.

After reviewing the record and counsel's brief, we agree that the appeal is frivolous and without merit. The judgment of the trial court is affirmed. Appellate counsel's request to withdraw is granted.[1] *Nichols*, 954 S.W.2d at 86; *Bruns*, 924 S.W.2d at 177 n.1.

Although the trial court's judgment does not order Byrd to pay court-appointed attorney's fees, the appellate record contains a certified bill of costs that lists the amount for Byrd's court-appointed attorney's fees as "TBD," or to be determined. "[A]ttorney's fees as set forth in a certified bill of costs are effective whether or not incorporated by reference in the written judgment." *Armstrong v. State*, 340 S.W.3d 759, 767 (Tex. Crim. App. 2011). The trial court appointed counsel to represent Byrd pursuant to article 26.04 of the Texas Code of Criminal Procedure; therefore, the trial court necessarily found Byrd to be indigent. TEX. CODE CRIM. PROC. ANN. art. 26.04 (West Supp. 2017). Nothing in the record demonstrates a material change in Byrd's financial circumstances, and the trial court appointed counsel to represent Byrd on appeal. Without a showing of a material change in Byrd's financial circumstances, an assessment of court-appointed attorney's fees against Byrd would be erroneous. *See Benavidez v. State*, 423 S.W.3d 520, 522 (Tex. App.—San Antonio 2013, no pet.). Because the "TBD" reference indicates such fees could be assessed once an amount is determined, we order the trial court clerk to prepare and file a corrected bill of costs reflecting that no court-appointed attorney's fees are assessed against Byrd. *See Moody v. State*, No. 04-16-00017-CR, 2017 WL 2124512, at *1 (Tex. App.—San

---

[1] No substitute counsel will be appointed. Should Byrd wish to seek further review of this case by the Texas Court of Criminal Appeals, Byrd must either retain an attorney to file a petition for discretionary review or Byrd must file a *pro se* petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the later of: (1) the date of this opinion; or (2) the date the last timely motion for rehearing is overruled by this court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed in the Texas Court of Criminal Appeals. *See* TEX. R. APP. P. 68.3. Any petition for discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 68.4.

Antonio May 17, 2017, no pet.) (not designated for publication) (ordering corrected bill of costs where appellant was indigent and bill of costs listed amount of court-appointed attorney's fees as "TBD").

Sandee Bryan Marion, Chief Justice

DO NOT PUBLISH