

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

Nos. 04-17-00842-CR and 04-17-00843-CR

Jose **ORTIZ**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 186th Judicial District Court, Bexar County, Texas
Trial Court Nos. 2017CR4478 and 2015CR7889W
Honorable Jefferson Moore, Judge Presiding

Opinion by:     Karen Angelini, Justice

Sitting:        Karen Angelini, Justice
                Luz Elena D. Chapa, Justice
                Irene Rios, Justice

Delivered and Filed:  October 10, 2018

MOTIONS TO WITHDRAW GRANTED, AFFIRMED

These are appeals from two judgments revoking Jose Ortiz's community supervision. At a consolidated hearing, Ortiz pled "true" to all three grounds alleged in the State's motion to revoke in 2017CR4478, and "true" to two of the three grounds alleged in the State's motion to revoke in 2015CR7889W. In each case, the trial court revoked Ortiz's community supervision, sentenced Ortiz to five years imprisonment, ordered the sentences to run concurrently, and imposed a $1500.00 fine.

Ortiz's court-appointed appellate counsel has filed briefs and motions to withdraw in accordance with *Anders v. California*, 386 U.S. 738 (1967). Counsel's briefs state he has diligently examined the records in each case and in his professional opinion these appeals are frivolous and without merit. Counsel's briefs, which include citations to the records and to relevant legal authorities, satisfy the requirements of *Anders*. *See id.*; *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978). Counsel further states that he provided Ortiz with copies of the briefs, the motions to withdraw, and the appellate records, and informed Ortiz of his right to file his own briefs. *See Bruns v. State*, 924 S.W.2d 176, 177 n.1 (Tex. App.—San Antonio 1996, no pet.). Ortiz did not file pro se briefs.

After reviewing the record in each case, we agree with counsel's conclusion that these appeals are frivolous and without merit. Therefore, we affirm the trial court's judgments. Furthermore, we grant counsel's motions to withdraw. *See Nichols v. State*, 954 S.W.2d 83, 85-86 (Tex. App.—San Antonio 1997, no pet.); *Bruns*, 924 S.W.2d at 177 n.1.

Although the trial court's judgments do not order Ortiz to pay court-appointed attorney's fees, the records contain certified bills of costs that list the amount for Ortiz's court-appointed attorneys as "TBD," or to be determined. "[A]ttorney's fees as set forth in a certified bill of costs are effective whether or not incorporated by reference in the written judgment." *Armstrong v. State*, 340 S.W.3d 759, 767 (Tex. Crim. App. 2011). The records show that the trial court appointed counsel to represent Ortiz pursuant to article 26.04 of the Texas Code of Criminal Procedure. TEX. CODE CRIM. PROC. ANN. art. 26.04 (West Supp. 2017). Therefore, the trial court found Ortiz to be indigent. *See id*. Nothing in the records shows a material change in Ortiz's financial circumstances. Absent a showing of a material change in Ortiz's financial circumstances, it would be error to assess court-appointed attorney's fees against Ortiz. *See Benavidez v. State*, 423 S.W.3d 520, 522 (Tex. App.—San Antonio 2013, no pet.). Because the "TBD" reference indicates such fees could

be assessed once an amount is determined, we order the trial court clerk to prepare and file in each case a corrected bill of costs showing that no court-appointed attorney's fees are assessed against Ortiz. *See Moody v. State*, No. 04-16-000017-CR, 2017 WL 2124512, at *1 (Tex. App.—San Antonio May 17, 2017, no pet.) (not designated for publication) (ordering corrected bill of costs when appellant was indigent and bill of costs listed amount of court-appointed attorney's fees as "TBD").

No substitute counsel will be appointed. Should Ortiz wish to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the later of (1) the date of this opinion; or (2) the date the last timely motion for rehearing is overruled by this court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed in the Texas Court of Criminal Appeals. *See* TEX. R. APP. P. 68.3. Any petition for discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 68.4.

Karen Angelini, Justice

Do not publish