

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-18-00015-CR

David **FONTANES**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 437th Judicial District Court, Bexar County, Texas
Trial Court No. 2015CR4762
Honorable Lori I. Valenzuela, Judge Presiding

Opinion by:　Karen Angelini, Justice

Sitting:　　Karen Angelini, Justice
　　　　　Luz Elena D. Chapa, Justice
　　　　　Irene Rios, Justice

Delivered and Filed: November 14, 2018

AFFIRMED

David Fontanes appeals from the trial court's judgment revoking his community supervision. At the revocation hearing, Fontanes pled "true" to the State's allegation that he had violated the terms of his community supervision by committing a new offense. The trial court then revoked his community supervision, sentenced him to three years of imprisonment, and imposed a $2,000.00 fine.

Fontanes's court-appointed appellate counsel has filed a brief and motion to withdraw in accordance with *Anders v. California*, 386 U.S. 738 (1967). Counsel's brief states he has diligently

examined the record and in his professional opinion this appeal is frivolous and without merit. Counsel's brief, which includes citations to the records and to relevant legal authorities, satisfies the requirement of *Anders*, 386 U.S. at 744-45. *See High v. State*, 573 S.W.2d 807, 812-13 (Tex. Crim. App. 1978). Counsel states that Fontanes was provided with a copy of the brief and motion to withdraw, and was further informed of his right to review the record and file his own brief. *See Kelly v. State*, 436 S.W.3d 313, 319-20 (Tex. Crim. App. 2014). Additionally, counsel advised Fontanes that if he wished to review the record, he must file a motion in this court and enclosed a form motion for that purpose. *See id.* Fontanes did not file a motion to review the record and did not file a pro se brief.

After reviewing the record, we agree with counsel's conclusion that this appeal is frivolous and without merit. Therefore, we affirm the trial court's judgment. Furthermore, we grant counsel's motion to withdraw. *See Nichols v. State*, 954 S.W.2d 83, 85-86 (Tex. App.—San Antonio 1997, no pet.); *Bruns v. State*, 924 S.W.2d 176, 177 n.1 (Tex. App.—San Antonio 1996, no pet.).

Additionally, although the trial court's judgment does not order Fontanes to pay court-appointed attorney's fees, the record contains a certified bill of costs that lists the amount for Fontanes's court-appointed attorney as "TBD," or to be determined. Attorney's fees "as set forth in a certified bill of costs are effective whether or not incorporated by reference in the written judgment." *Armstrong v. State*, 340 S.W.3d 759, 767 (Tex. Crim. App. 2011). The record shows that the trial court appointed counsel to represent Fontanes pursuant to article 26.04 of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 26.04. Therefore, the trial court found Fontanes to be indigent. *See id*. Nothing in the record shows a material change in Fontanes's financial circumstances. Absent a showing of a material change in Fontanes's financial circumstances, it would be error to assess court-appointed attorney's fees against Fontanes. *See*

*Benavidez v. State*, 423 S.W.3d 520, 522 (Tex. App.—San Antonio 2014, no pet.). Because the "TBD" reference indicates such fees could be assessed once an amount is determined, we order the trial court clerk to prepare and file a corrected bill of costs showing that no court-appointed attorney's fees are assessed against Fontanes. *See Moody v. State*, No. 04-16-000017-CR, 2017 WL 2124512, at *1 (Tex. App.—San Antonio 2017, no pet.) (not designated for publication) (ordering corrected bill of costs when appellant qualifies as indigent and bill of costs lists amount of court-appointed attorney's fees as "TBD").

Finally, no substitute counsel will be appointed. Should Fontanes wish to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the later of (1) the date of this opinion; or (2) the date the last timely motion for rehearing is overruled by this court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed in the Texas Court of Criminal Appeals. *See* TEX. R. APP. P. 68.3. Any petition for discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 68.4.

Karen Angelini, Justice

Do not publish