

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-18-00811-CR

Richard Anthony **STEWART**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 198th Judicial District Court, Kerr County, Texas
Trial Court No. B17-802
Honorable Rex Emerson, Judge Presiding

Opinion by:  Rebeca C. Martinez, Justice

Sitting:  Sandee Bryan Marion, Chief Justice
Rebeca C. Martinez, Justice
Luz Elena D. Chapa, Justice

Delivered and Filed:  September 4, 2019

AFFIRMED AS MODIFIED; MOTION TO WITHDRAW GRANTED

Appellant Richard Anthony Stewart pled guilty to the state jail felony offense of possession of a controlled substance, i.e., methamphetamine (less than one gram), and received deferred adjudication community supervision for a term of two years.  *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115.  Thereafter, the State filed a motion to proceed with adjudication of guilt and revocation of community supervision, alleging that Stewart violated multiple conditions of his community supervision.  During a revocation hearing held on September 28, 2018, Stewart pled "not true" to violating conditions of his community supervision.  After receiving evidence, the trial

court found the allegations that Stewart violated conditions of his community supervision to be "true." The trial court proceeded to adjudicate Stewart guilty of the underlying offense of possession of a controlled substance and revoked his community supervision. The trial court sentenced Stewart to serve eighteen-months imprisonment in the Texas Department of Criminal Justice—State Jail Division. Stewart now appeals.

Stewart's court-appointed attorney filed a brief containing a professional evaluation of the record in accordance with *Anders v. California*, 386 U.S. 738 (1967), and a motion to withdraw. Counsel concludes that the appeal has no merit. Counsel provided Stewart with a copy of the brief and informed him of his right to review the record and to file his own brief. *See Kelly v. State*, 436 S.W.3d 313, 319 (Tex. Crim. App. 2014); *see also Nichols v. State*, 954 S.W.2d 83, 85–86 (Tex. App.—San Antonio 1997, no pet.); *Bruns v. State*, 924 S.W.2d 176, 177 n.1 (Tex. App.—San Antonio 1996, no pet.). Stewart did not file a *pro se* brief. After reviewing the record and counsel's brief, we conclude there is no reversible error and agree with counsel that the appeal is wholly frivolous. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005).

The judgment signed by the trial court on September 28, 2018, however, assesses attorney's fees in the amount of $325 against Stewart for the adjudication/revocation proceeding. The record indicates that the trial court found Stewart to be indigent and appointed counsel to represent him in the trial court at the adjudication/revocation proceeding and on appeal. There is nothing in the record to support a finding that Stewart's ability to pay attorney's fees changed after the trial court determined him to be indigent. *See Wiley v. State*, 410 S.W.3d 313, 317 (Tex. Crim. App. 2013) (explaining that a defendant who was previously found to be indigent is presumed to remain indigent and, absent any indication in the record that the defendant's financial status has changed, the evidence will not support the imposition of attorney's fees); *see also* TEX. CODE CRIM. PROC. ANN. art. 26.04(p). Absent a showing of a material change in Stewart's financial

circumstances, it was error for attorney's fees to be assessed against him. *See Fulmer v. State*, 401 S.W.3d 305, 318–19 (Tex. App.—San Antonio 2013, pet. ref'd). Therefore, we modify the judgment and bill of costs to delete the assessment of $325 in attorney's fees against Stewart. *See Green v. State*, No. 04-13-00018-CR, 2013 WL 6200328, at *2 (Tex. App.—San Antonio Nov. 27, 2013, no pet.) (mem. op., not designated for publication) (reforming both the judgment and bill of costs to delete the assessment of attorney's fees against an indigent criminal defendant). The district clerk is ordered to prepare and file a corrected bill of costs in this case. *See id.*; *see also Benavidez v. State*, 423 S.W.3d 520, 522 (Tex. App.—San Antonio 2014, no pet.).

Accordingly, the judgment of the trial court is affirmed as modified, and appellate counsel's motion to withdraw is granted.[1] *Nichols*, 954 S.W.2d at 86; *Bruns*, 924 S.W.2d at 177.

Rebeca C. Martinez, Justice

Do not publish

---

[1] No substitute counsel will be appointed. Should Stewart wish to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or must file a *pro se* petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing that is overruled by this court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed in the Court of Criminal Appeals. *See* TEX. R. APP. P. 68.3. Any petition for discretionary review must comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 68.4.