# NO. 12-19-00279-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *TIMOTHY SCOTT OWENS,* *APPELLANT* | § | *APPEAL FROM THE 349TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *HOUSTON COUNTY, TEXAS* |

### *MEMORANDUM OPINION*
### *PER CURIAM*

Timothy Owens appeals the trial court's order revoking his community supervision. Appellant's counsel filed a brief in compliance with *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967) and *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969). We modify and affirm as modified.

## BACKGROUND

Appellant was charged by indictment with burglary of a habitation, a second degree felony.[1]  Pursuant to a plea bargain, Appellant entered a plea of "guilty" and the trial court deferred finding Appellant "guilty" and placed him on community supervision with terms and conditions for ten years.[2]

Subsequently, the State filed a motion to revoke Appellant's community supervision alleging that he violated certain terms and conditions thereof.  Specifically, the State alleged that Appellant violated the trial court's community supervision order by failing to obey the law

---

[1] The State further alleged that Appellant had been previously convicted of two sequential felonies which elevated his punishment range to twenty five years to ninety nine years or life imprisonment. *See* TEX. PENAL CODE ANN. § 12.42 (d) (West 2019).

[2] Pursuant to the plea bargain, the State agreed to abandon one of the enhancement allegations, and Appellant pleaded "true" to the remaining enhancement allegation.

because he committed the offenses of burglary of a building and fleeing a peace officer. In addition to the allegations that Appellant committed new offenses while on community supervision, the State further alleged that Appellant failed to satisfactorily perform his community service hours and failed to satisfy all his financial obligations.

The trial court conducted a hearing on the State's motion, and Appellant pleaded "not true" to all of the State's allegations. At the hearing, two Arlington, Texas Police Department Officers, Gary Jones and Cliff Elliot, testified to the circumstances regarding Appellant's arrest for burglary of building and fleeing a peace officer. Melanie Goolsby, the indirect case manager for the Houston County Community Supervision Department, testified that Appellant was delinquent in completing his community service, as required by the terms and conditions of his community supervision. Goolsby also testified that Appellant was delinquent in his financial obligations.

Following the presentation of evidence and arguments of counsel, the trial court found the allegations that Appellant had committed the offenses of burglary of a building and fleeing a police officer to be "true," but found the allegations that Appellant was delinquent in his financial obligations "not true" because the State did not offer sufficient evidence to establish that Appellant had the ability to meet his financial obligations. The trial court revoked Appellant's community supervision and sentenced him to imprisonment for eighteen years. This appeal followed.

## ANALYSIS PURSUANT TO *ANDERS V. CALIFORNIA*

Appellant's counsel filed a brief in compliance with *Anders v. California* and *Gainous v. State*. Appellant's counsel states that he diligently reviewed the appellate record and is of the opinion that the record reflects no reversible error and that there is no error upon which an appeal can be predicated. In compliance with *Anders, Gainous*, and *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. [Panel Op.] 1978), Appellant's brief presents a chronological summation of the procedural history of the case and further states that Appellant's counsel is unable to raise any arguable issues for appeal.[3]

---

[3] In compliance with *Kelly v. State*, Appellant's counsel provided Appellant with a copy of the brief, notified Appellant of his motion to withdraw as counsel, informed Appellant of his right to file a pro se response, and took concrete measures to facilitate Appellant's review of the appellate record. *See Kelly v. State*, 436 S.W.3d

We have considered counsel's brief and conducted our own independent review of the record. *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400. We have found no reversible error.

### JUDGMENT MODIFICATION

Appellant urges us to modify the trial court's judgment and the bill of costs to delete the assessment of attorney's fees against Appellant because Appellant was initially found to be indigent by the trial court and there is no evidence in the record to support an award of attorney's fees against him.

The trial court's judgment reflects that Appellant "has financial resources that enable [Appellant] to offset in part or in whole the cost of the legal services provided to [Appellant]" and further orders Appellant to pay the court appointed attorney's fees in his case. The bill of costs includes $400 in court appointed attorney's fees. However, the record reflects that the trial court found Appellant to be indigent and appointed counsel to represent him. "A defendant who is determined by the court to be indigent is presumed to remain indigent for the remainder of the proceedings in the case unless a material change in the defendant's financial circumstances occurs." TEX. CODE CRIM. PROC ANN. art. 26.04(p) (West Supp. 2019); *see Fulmer v. State*, 401 S.W.3d 305, 318–19 (Tex. App.–San Antonio 2013, pet. ref'd) (holding the trial court erred in ordering an indigent criminal defendant to pay court-appointed attorney's fees when there was no evidence of a material change in his financial circumstances). Here, nothing in the record shows a material change in Appellant's financial circumstances since counsel was appointed to represent him. Absent a showing of a material change in Appellant's financial circumstances, it was error for the trial court and district clerk to assess attorney's fees against Appellant in the judgment and bill of costs. *See Benavidez v. State*, 423 S.W.3d 520, 522 (Tex. App.–San Antonio 2014, no pet.)

Because the assessment of attorney's fees against Appellant was erroneous, it must be corrected. Accordingly, we reform the judgment and bill of costs to delete the assessment of attorney's fees. *See Green v. State*, No. 04–13–00018–CR, 2013 WL 6200328, at *2 (Tex. App.–San Antonio Nov. 27, 2013, no pet.) (mem. op., not designated for publication) (reforming

---

313, 319 (Tex. Crim. App. 2014). Appellant was given time to file his own brief. The time for filing such a brief has expired and no pro se brief has been filed.

both the judgment and the bill of costs to delete the assessment of attorney's fees against an indigent criminal defendant).

**CONCLUSION**

Having performed an independent review of the record and having determined that there is error in the judgment revoking Appellant's community supervision, we ***modify*** the trial court's judgment revoking Appellant's community supervision by deleting the language in the trial court's order that states that Appellant must  pay his court appointed attorney's fees and by deleting the $400 in court appointed attorney's fees from the bill of costs.

As required by ***Stafford v. State***, 813 S.W.2d 503 (Tex. Crim. App. 1991), Appellant's counsel has moved for leave to withdraw.  *See also **In re Schulman***, 252 S.W.3d 403, 407 (Tex. Crim. App. 2008) (orig. proceeding).  We carried the motion for consideration with the merits. Having done so and having found no reversible error, Appellant's counsel's motion for leave to withdraw is hereby ***granted*** and the appeal of the trial court's judgment revoking Appellant's community supervision, ***as modified***, is ***affirmed***.

As a result of our disposition of this case, Appellant's counsel has a duty to, within five days of the date of this opinion, send a copy of the opinion and judgment to Appellant and advise him of his right to file a petition for discretionary review. *See* TEX. R. APP. P. 48.4; ***In re Schulman***, 252 S.W.3d at 411 n.35.  Should Appellant wish to seek review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review on his behalf or he must file a petition for discretionary review pro se.  Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the date that the last timely motion for rehearing is overruled by this court.  *See* TEX. R. APP. P. 68.2.  Any petition for discretionary review must be filed with the Texas Court of Criminal Appeals. *See* TEX. R. APP. P. 68.3(a).  Any petition for discretionary review should comply with the requirements of Texas Rule of Appellate Procedure 68.4.  *See **In re Schulman***, 252 S.W.3d at 408 n.22.

Opinion delivered September 9, 2020.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

4

# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**SEPTEMBER 9, 2020**

**NO. 12-19-00279-CR**

**TIMOTHY SCOTT OWENS,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

_____

Appeal from the 349th District Court

of Houston County, Texas (Tr.Ct.No. 16CR-135)

_____

THIS CAUSE came to be heard on the appellate record and the brief filed herein, and the same being considered, because it is the opinion of this court that the judgment of the court below should be modified and as modified, affirmed.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below be **modified** by deleting the language in the trial court's order that states that Appellant must pay his court appointed attorney's fees and by deleting the $400 in court appointed attorney's fees from the bill of costs; in all other respects the judgment of the trial court is **affirmed**; and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*