# NO. 12-19-00380-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *LAWRENCE TATUM, JR.,*<br>*APPELLANT* | § | *APPEAL FROM THE 3RD* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *ANDERSON COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Lawrence Tatum, Jr., appeals his conviction for murder. In Appellant's sole issue, he contends that the district clerk's recitation in the certified bill of costs that "court appointed attorney fees may be added at a later date" is erroneous and should be deleted. We modify and affirm as modified.

## BACKGROUND

Appellant was indicted for murder. Determining that Appellant was indigent, the trial court appointed counsel to represent him. The State later filed a notice of enhancement, which increased the range of punishment, if found true, from twenty-five years to ninety-nine years or life imprisonment. Appellant pleaded "not guilty" to the offense, and after a trial, the jury found Appellant guilty of the offense. Appellant elected that the trial court assess his punishment. Appellant pleaded "true" to three enhancement paragraphs, and after a hearing, the trial assessed Appellant's punishment at imprisonment for life. Appellant filed a motion for new trial, which the trial court denied by written order. Appellant filed a notice of appeal, and the trial court appointed appellate counsel to represent him. This appeal followed.

In Appellant's sole issue, he contends that the portion of the district clerk's certified bill of costs stating that "court appointed attorney fees may be added at a later date" is erroneous and should be deleted. The State has joined in Appellant's request.

## Standard of Review and Applicable Law

Article 26.05(g) of the Texas Code of Criminal Procedure provides trial courts with discretionary authority to order reimbursement of appointed attorney's fees when the defendant has financial resources that enable him to offset in part or in whole the costs of the legal services provided. TEX. CODE CRIM. PROC. ANN. art 26.05(g) (West Supp. 2020). However, a defendant who is determined by the court to be indigent is presumed to remain indigent for the remainder of the proceedings in the case unless a material change in the defendant's financial circumstances occurs." *Id.* art. 26.04(p) (West Supp. 2020); *see Fulmer v. State*, 401 S.W.3d 305, 318–19 (Tex. App.—San Antonio 2013, pet. ref'd) (holding the trial court erred in ordering an indigent criminal defendant to pay court appointed attorney's fees when there was no evidence of a material change in his financial circumstances).

If a criminal action is appealed, an officer of the court shall certify and sign a bill of costs stating the costs that have accrued and send the bill of costs to the appellate court. *See* TEX. CODE CRIM. PROC. ANN. art. 103.006 (West 2018). The Texas Court of Criminal Appeals has stated that "attorney's fees as set forth in a certified bill of costs are effective whether or not incorporated by reference in the written judgment." *Armstrong v. State*, 340 S.W.3d 759, 767 (Tex. Crim. App. 2011).

## Discussion

Here, the trial court determined that Appellant was indigent and appointed trial counsel to represent him. No evidence was presented regarding any change in Appellant's financial circumstances throughout the proceedings. The trial court also appointed counsel to represent him in this appeal. Accordingly, based on this record, there was no evidence to show that Appellant's finances had undergone a "material change." *See* TEX. CODE CRIM. PROC. ANN. art. 26.04(p); *Mayer v. State*, 309 S.W.3d 552, 557 (Tex. Crim. App. 2010).

Ordinarily in such circumstances, the appropriate remedy is to delete any assessment of attorney's fees in the trial court's judgment and the certified bill of costs. *See Green v. State*, No. 04–13–00018–CR, 2013 WL 6200328, at *2 (Tex. App.—San Antonio Nov. 27, 2013, no pet.)

(mem. op., not designated for publication) (modifying both judgment and bill of costs to delete assessment of attorney's fees against indigent criminal defendant). Here, neither the trial court in its judgment nor the district clerk in the certified bill of costs expressly order that Appellant pay a specified amount of court appointed attorney's fees. However, the certified bill of costs contains the statement that "court appointed attorney fees may be added at a later date." As we have stated, attorney's fees as set forth in a certified bill of costs are effective even if not incorporated in the written judgment. *See Armstrong*, 340 S.W.3d at 767. We are required to delete a statement in a certified bill of costs authorizing the assessment of attorney's fees at a later date when unsupported by evidence of a material change in financial circumstances. *See, e.g., Rosales-Ayala v. State*, No. 04-15-00226-CR, 2016 WL 527332, at *1 (Tex. App.—San Antonio Feb. 10, 2016, no pet.) (mem. op., not designated for publication) (deleting assessment of attorney's fees from certified bill of costs in an amount "to be determined" where trial court did not order defendant to pay fees for appointed counsel and no evidence presented of any material change in financial circumstances); *see also Benavidez v. State*, 423 S.W.3d 520, 522 (Tex. App.—San Antonio 2014, no pet.) (deleting assessment of attorney's fees of $2,000.00 in certified bill of costs even though trial court did not expressly assess attorney's fees against defendant, because fees in certified bill of costs are effective whether or not incorporated by reference in written judgment).

Because the statement in the district clerk's certified bill of costs stating that "court appointed attorney fees may be added at a later date" is erroneous and unsupported by any material change in Appellant's financial circumstances, it must be corrected to delete that language. *See Rosales-Ayala*, 2016 WL 527332, at *1-*2. Appellant's sole issue is sustained.

## DISPOSITION

Having sustained Appellant's sole issue, we *modify* the trial court's judgment to indicate that court appointed attorney's fees are not to be assessed against Appellant and by deleting the language from the bill of costs that "court appointed attorney fees may be added at a later date." *See Benavidez*, 423 S.W.3d at 522. We *affirm* the trial court's judgment *as modified*.

BRIAN HOYLE
Justice

Opinion delivered October 30, 2020.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**OCTOBER 30, 2020**

**NO. 12-19-00380-CR**

**LAWRENCE TATUM, JR.,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 3rd District Court
of Anderson County, Texas (Tr.Ct.No. 3CR-17-33076)

THIS CAUSE came to be heard on the appellate record and the brief filed herein, and the same being considered, because it is the opinion of this court that the judgment of the court below should be modified and as modified, affirmed.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below be **modified** to indicate that court appointed attorney's fees are not to be assessed against Appellant and by deleting the language from the bill of costs that "court appointed attorney fees may be added at a later date;" in all other respects the judgment of the trial court is **affirmed**; and that this decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*