

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-22-00037-CR

Willie Earl **HAYWOOD**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 456th District Court, Guadalupe County, Texas
Trial Court No. 20-0970-CR-A
Honorable Heather H. Wright, Judge Presiding

Opinion by:    Rebeca C. Martinez, Chief Justice

Sitting:        Rebeca C. Martinez, Chief Justice
                Irene Rios, Justice
                Liza A. Rodriguez, Justice

Delivered and Filed: September 21, 2022

AFFIRMED AS MODIFIED; MOTION TO WITHDRAW GRANTED

Appellant Willie Earl Haywood was convicted by a jury of the felony offense of possession of one to four grams of a penalty group one controlled substance. *See* TEX. HEALTH & SAFETY CODE ANN. §§ 481.102(6), 481.115(a), (c); TEX. PENAL CODE ANN. §§ 12.33, 12.42(a). The trial court imposed a sentence of 15 years' imprisonment in the Texas Department of Criminal Justice, Institutional Division. Haywood now appeals.

Haywood's court-appointed attorney filed a brief containing a professional evaluation of the record in accordance with *Anders v. California*, 386 U.S. 738 (1967), and a motion to withdraw.

Counsel concludes that this appeal is frivolous and without merit. Counsel provided Haywood with a copy of the brief and the motion to withdraw and informed Haywood of his right to review the record and to file his own brief. *See Kelly v. State*, 436 S.W.3d 313, 319 (Tex. Crim. App. 2014); *see also Nichols v. State*, 954 S.W.2d 83, 85–86 (Tex. App.—San Antonio 1997, no pet.) (per curiam); *Bruns v. State*, 924 S.W.2d 176, 177 n.1 (Tex. App.—San Antonio 1996, no pet.). Haywood did not file a *pro se* brief. After reviewing the record and counsel's brief, we conclude there is no reversible error and agree with counsel that the appeal is wholly frivolous. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005).

The judgment signed by the trial court on August 18, 2021, however, assesses attorney's fees in the amount of $1,810 against Haywood. The record indicates that the trial court found Haywood to be indigent and appointed counsel to represent him in the trial court and on appeal. There is nothing in the record to support a finding that Haywood's ability to pay attorney's fees changed after the trial court determined him to be indigent. *See Wiley v. State*, 410 S.W.3d 313, 317 (Tex. Crim. App. 2013) (explaining a defendant who was previously found to be indigent is presumed to remain indigent and that, absent any indication in the record that the defendant's financial status has changed, the evidence will not support the imposition of attorney's fees); *see also* TEX. CODE CRIM. PROC. ANN. art. 26.04(p). Absent a showing of a material change in Haywood's financial circumstances, it was error for attorney's fees to be assessed against him. *See Fulmer v. State*, 401 S.W.3d 305, 318–19 (Tex. App.—San Antonio 2013, pet. ref'd). Therefore, we modify the judgment and the bill of costs to delete the assessment of $1,810 in attorney's fees against Haywood. *See Green v. State*, No. 04-13-00018-CR, 2013 WL 6200328, at *2 (Tex. App.—San Antonio Nov. 27, 2013, no pet.) (mem. op., not designated for publication) (reforming both the judgment and bill of costs to delete the assessment of attorney's fees against an indigent criminal defendant). The district clerk is ordered to prepare and file a corrected bill of

costs in this case. *See id.*; *see also Benavidez v. State*, 423 S.W.3d 520, 522 (Tex. App.—San Antonio 2014, no pet.).

Accordingly, the judgment of the trial court is affirmed, and appellate counsel's motion to withdraw is granted.[1] *See Nichols*, 954 S.W.2d at 86; *Bruns*, 924 S.W.2d at 177 n.1.

Rebeca C. Martinez, Chief Justice

DO NOT PUBLISH

---

[1] No substitute counsel will be appointed. Should Haywood wish to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or must file a *pro se* petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing that is overruled by this court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed in the Court of Criminal Appeals, *see id.* R. 68.3, and any such petition must comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See id.* R. 68.4.