# NO. 12-23-00149-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *DEKEIDRIAN KESHUN ROLLINS,*<br>*APPELLANT* | § | *APPEAL FROM THE 349TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *HOUSTON COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Dekeidrian Keshun Rollins appeals the revocation of his community supervision. In his sole issue, Appellant argues the bill of costs erroneously reflects he must repay his court appointed attorney's fees. We modify the bill of costs and affirm the trial court's judgment.

## BACKGROUND

Appellant was charged by indictment with aggravated robbery. Pursuant to a plea agreement, Appellant pleaded "guilty" and was placed on deferred adjudication community supervision for eight years. Subsequently, the State filed a motion to adjudicate Appellant's guilt. After a hearing, the trial court granted the motion and assessed Appellant's punishment at twenty years confinement. This appeal followed.

## BILL OF COSTS

In his sole issue, Appellant argues that the bill of costs contains an inaccurate assessment of costs. Specifically, he urges that the bill of costs incorrectly requires him to reimburse his court-appointed attorney's fees. He contends we should modify the bill of costs to delete those fees. The State agrees, and so do we.

At the hearing, the trial court assessed costs "as calculated by the clerk." The clerk later submitted a "Revocation Bill of Costs" that included $367 in court costs, $675 in attorney's fees, and $50 in restitution. The original judgment stated that Appellant "has financial resources that enable [Appellant] to offset in part or in whole the cost of the legal services provided to [Appellant]" and further orders Appellant to pay the court appointed attorney's fees in his case. However, the trial court has since entered a nunc pro tunc judgment that deleted this special finding and lists only $367 in court costs. The bill of costs has not been corrected to reflect the nunc pro tunc judgment.

"A defendant who is determined by the court to be indigent is presumed to remain indigent for the remainder of the proceedings in the case unless a material change in the defendant's financial circumstances occurs." TEX. CODE CRIM. PROC ANN. art. 26.04(p) (West Supp. 2023); *see* **Fulmer v. State**, 401 S.W.3d 305, 318–19 (Tex. App.–San Antonio 2013, pet. ref'd) (holding trial court erred in ordering indigent criminal defendant to pay court-appointed attorney's fees absent evidence of a material change in financial circumstances). Here, nothing in the record shows a material change in Appellant's financial circumstances since counsel was appointed to represent him. Absent a showing of a material change in Appellant's financial circumstances, it was error for the district clerk to assess attorney's fees against Appellant in the bill of costs. *See* **Benavidez v. State**, 423 S.W.3d 520, 522 (Tex. App.–San Antonio 2014, no pet.).

Because the assessment of attorney's fees against Appellant was erroneous, it must be corrected. Accordingly, we reform the bill of costs to delete the assessment of attorney's fees. *See* **Green v. State**, No. 04–13–00018–CR, 2013 WL 6200328, at *2 (Tex. App.–San Antonio Nov. 27, 2013, no pet.) (mem. op., not designated for publication) (reforming both judgment and bill of costs to delete assessment of attorney's fees against indigent criminal defendant). We sustain Appellant's sole issue.

## DISPOSITION

Based on the foregoing, we *modify* the trial court's bill of costs by deleting the assessment of attorney's fees. We *affirm* the trial court's nunc pro tunc judgment.

**JAMES T. WORTHEN**
Chief Justice

Opinion delivered February 22, 2024.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**FEBRUARY 22, 2024**

**NO. 12-23-00149-CR**

**DEKEIDRIAN KESHUN ROLLINS,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 349th District Court

of Houston County, Texas (Tr.Ct.No. 21CR-075)

THIS CAUSE came on to be heard on the appellate record and the briefs filed herein, and the same being inspected, it is the opinion of the Court that the bill of costs of the trial court below should be **modified**.

It is therefore ORDERED, ADJUDGED and DECREED that the bill of costs of the court below be **modified** to delete the assessment of attorney's fees; the trial court's nunc pro tunc judgment is **affirmed**; and that this decision be certified to the trial court below for observance.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*