

## Fourth Court of Appeals
### San Antonio, Texas

## MEMORANDUM OPINION

No. 04-24-00250-CR

Devonte Riondo **CAMPBELL**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 144th Judicial District Court, Bexar County, Texas
Trial Court No. 2021CR8553
Honorable Michael E. Mery, Judge Presiding

Opinion by:    Rebeca C. Martinez, Chief Justice

Sitting:    Rebeca C. Martinez, Chief Justice
Lori I. Valenzuela, Justice
Lori Massey Brissette, Justice

Delivered and Filed: May 14, 2025

AFFIRMED; MOTION TO WITHDRAW GRANTED

Appellant Devonte Riondo Campbell was convicted by a jury of murder and sentenced to life imprisonment and a $10,000.00 fine. *See* TEX. PENAL CODE ANN. § 19.02. Appellant now appeals.

Appellant's court-appointed attorney filed a brief containing a professional evaluation of the record in accordance with *Anders v. California*, 386 U.S. 738 (1967), and requested permission to withdraw. Counsel concludes that this appeal is wholly frivolous and without merit. Counsel

provided appellant with a copy of the brief and informed appellant of his right to review the record and to file his own brief. *See Kelly v. State*, 436 S.W.3d 313, 319 (Tex. Crim. App. 2014); *see also Nichols v. State*, 954 S.W.2d 83, 85–86 (Tex. App.—San Antonio 1997, no pet.) (per curiam); *Bruns v. State*, 924 S.W.2d 176, 177 n.1 (Tex. App.—San Antonio 1996, no pet.). Appellant subsequently requested the record, which we provided to him, but did not file a *pro se* brief.

After reviewing the record and counsel's brief, we conclude there is no reversible error and agree with counsel that the appeal is wholly frivolous. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005). Accordingly, the judgment of the trial court is affirmed, and appellate counsel's motion to withdraw is granted.[1] *See Nichols*, 954 S.W.2d at 86; *Bruns*, 924 S.W.2d at 177 n.1.

Finally, although the trial court's judgment does not order appellant to pay court-appointed attorney's fees, the record contains a certified bill of costs listing the amount for appellant's court-appointed attorney as "TBD," or to be determined. Attorney's fees "as set forth in a certified bill of costs are effective whether or not incorporated by reference in the written judgment." *Armstrong v. State*, 340 S.W.3d 759, 767 (Tex. Crim. App. 2011). The record shows the trial court appointed counsel to represent appellant pursuant to article 26.04 of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. art. 26.04. Therefore, the trial court found appellant to be indigent. *See id*. Nothing in the record shows a material change in appellant's financial circumstances. Absent a showing of a material change in appellant's financial circumstances, it would be error to assess court-appointed attorney's fees against appellant. *See Benavidez v. State*,

---

[1] No substitute counsel will be appointed. Should appellant wish to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or must file a *pro se* petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing that is overruled by this court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed in the Court of Criminal Appeals, *see id.* R. 68.3, and any such petition must comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See id.* R. 68.4.

423 S.W.3d 520, 522 (Tex. App.—San Antonio 2013, no pet.). Because the "TBD" reference indicates such fees could be assessed once an amount is determined, we order the trial court clerk to prepare and file a corrected bill of costs showing no court-appointed attorney's fees are assessed against appellant. *See Wright v. State*, No. 04-21-00465-CR, 2023 WL 3730331, at *1 (Tex. App.—San Antonio May 31, 2023, no pet.) (mem. op.) (not designated for publication) (ordering corrected bill of costs where appellant was indigent and bill of costs listed amount of court-appointed attorney's fees as "TBD").

Rebeca C. Martinez, Chief Justice

DO NOT PUBLISH