

## Fourth Court of Appeals
### San Antonio, Texas

### MEMORANDUM OPINION

No. 04-24-00318-CR

Madison **MCNUTT**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 227th Judicial District Court, Bexar County, Texas
Trial Court No. 2017CR9931
Honorable Christine Del Prado, Judge Presiding

Opinion by:     Rebeca C. Martinez, Chief Justice

Sitting:     Rebeca C. Martinez, Chief Justice
H. Todd McCray, Justice
Velia J. Meza, Justice

Delivered and Filed: December 10, 2025

AFFIRMED; MOTION TO WITHDRAW GRANTED

Appellant Madison McNutt was indicted for the offense of possession of a controlled substance with intent to deliver. *See* TEX. PENAL CODE ANN. §§ 481.113(c). On November 30, 2017, pursuant to a plea bargain, the trial court ordered that adjudication of guilt be deferred and placed appellant on community supervision for a period of five years. On May 17, 2022, the State filed a motion seeking an adjudication of guilt and the revocation of appellant's community supervision, and, on that day, a capias was issued for appellant's arrest. *See* TEX. CODE CRIM.

PRO. ANN. art. 42A.108(c). On March 22, 2024, the trial court held a revocation hearing, at which appellant pled "true" to violating a condition of her community supervision during the period of community supervision. After receiving this plea, the trial court found that appellant had violated a condition of her community supervision during the period of community supervision. It revoked appellant's community supervision, adjudicated her guilty of the charged offense, and imposed a sentence of five years' imprisonment, probated for five years. Appellant now appeals.

Appellant's court-appointed attorney filed a brief containing a professional evaluation of the record in accordance with *Anders v. California*, 386 U.S. 738 (1967), and requested permission to withdraw. Counsel concludes that this appeal is wholly frivolous and without merit. Counsel provided appellant with a copy of the brief, the motion to withdraw, and the appellate record and informed appellant of her right to review the record and to file her own brief. *See Kelly v. State*, 436 S.W.3d 313, 319 (Tex. Crim. App. 2014); *see also Nichols v. State*, 954 S.W.2d 83, 85–86 (Tex. App.—San Antonio 1997, no pet.) (per curiam); *Bruns v. State*, 924 S.W.2d 176, 177 n.1 (Tex. App.—San Antonio 1996, no pet.). We issued an order setting a deadline for appellant to file a *pro se* brief; however, appellant did not file a *pro se* brief.

After reviewing the record and counsel's brief, we conclude there is no reversible error and agree with counsel that the appeal is wholly frivolous. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005). Accordingly, the judgment of the trial court is affirmed, and appellant's counsel's motion to withdraw is granted.[1] *See Nichols*, 954 S.W.2d at 86; *Bruns*, 924 S.W.2d at 177 n.1.

---

[1] No substitute counsel will be appointed. Should appellant wish to seek further review of this case by the Texas Court of Criminal Appeals, she must either retain an attorney to file a petition for discretionary review or must file a *pro se* petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing that is overruled by this court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed in the Court of Criminal Appeals, *see id.* R. 68.3, and any such petition must comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See id.* R. 68.4.

Finally, although the trial court's judgment does not order appellant to pay court-appointed attorney's fees, the record contains a certified bill of costs listing the amount for appellant's court-appointed attorney as "TBD," or to be determined. Attorney's fees "as set forth in a certified bill of costs are effective whether or not incorporated by reference in the written judgment." *Armstrong v. State*, 340 S.W.3d 759, 767 (Tex. Crim. App. 2011). The record shows the trial court appointed counsel to represent appellant pursuant to article 26.04 of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. art. 26.04. Therefore, the trial court found appellant to be indigent. *See id*. Nothing in the record shows a material change in appellant's financial circumstances. Absent a showing of a material change in appellant's financial circumstances, it would be error to assess court-appointed attorney's fees against appellant. *See Benavidez v. State*, 423 S.W.3d 520, 522 (Tex. App.—San Antonio 2013, no pet.). Because the "TBD" reference indicates such fees could be assessed once an amount is determined, we order the trial court clerk to prepare and file a corrected bill of costs showing no court-appointed attorney's fees are assessed against appellant. *See Wright v. State*, No. 04-21-00465-CR, 2023 WL 3730331, at *1 (Tex. App.—San Antonio May 31, 2023, no pet.) (mem. op.) (not designated for publication) (ordering corrected bill of costs where appellant was indigent and bill of costs listed amount of court-appointed attorney's fees as "TBD").

Rebeca C. Martinez, Chief Justice

DO NOT PUBLISH