

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-21-00465-CR

Ted Allen **WRIGHT**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 437th Judicial District Court, Bexar County, Texas
Trial Court No. 2019CR12275
Honorable Melisa C. Skinner, Judge Presiding

Opinion by:    Luz Elena D. Chapa, Justice

Sitting:       Patricia O. Alvarez, Justice
               Luz Elena D. Chapa, Justice
               Liza A. Rodriguez, Justice

Delivered and Filed: May 31, 2023

MOTION TO WITHDRAW GRANTED; AFFIRMED

A jury convicted appellant Ted Allen Wright of three counts of aggravated sexual assault of a child and five counts of indecency with a child. *See* TEX. PENAL CODE ANN. §§ 21.11, 22.021(a)(1)(B). The trial court sentenced Wright to a term of twenty years' imprisonment for one count of aggravated sexual assault and thirty-five years' imprisonment for another count with these sentences to run consecutively. The trial court further sentenced Wright to varying five to twenty-five years' imprisonment terms with each of the sentences to run concurrently. It also assessed fines between $3,000 and $5,000 for each count. Wright now appeals.

Wright's court-appointed appellate attorney filed a motion to withdraw and a brief in which he concludes this appeal is frivolous and without merit. The brief demonstrates a professional and thorough evaluation of the record and meets the requirements of *Anders v. California*, 386 U.S. 738 (1967), *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. [Panel Op.] 1978), and *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969). Counsel sent copies of the brief and motion to withdraw to Wright and informed him of his rights in compliance with the requirements of *Kelly v. State*, 436 S.W.3d 313 (Tex. Crim. App. 2014). Counsel also provided appellant with a copy of the appellate record. On November 18, 2022, this court notified Wright of the deadline for him to file a pro se brief. No pro se brief was filed.

We have thoroughly reviewed the record and counsel's brief. We conclude there is no reversible error and agree with counsel the appeal is wholly frivolous. *See Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005). Accordingly, we grant the motion to withdraw filed by Wright's counsel and affirm the trial court's judgment. *See id*.; *Nichols v. State*, 954 S.W.2d 83, 86 (Tex. App.—San Antonio 1997, no pet.); *Bruns v. State*, 924 S.W.2d 176, 177 n.1 (Tex. App.—San Antonio 1996, no pet.).[1]

Finally, although the trial court's judgment does not order Wright to pay court-appointed attorney's fees, the record contains a certified bill of costs listing the amount for Wright's court-appointed attorney as "TBD," or to be determined. Attorney's fees "as set forth in a certified bill of costs are effective whether or not incorporated by reference in the written judgment." *Armstrong v. State*, 340 S.W.3d 759, 767 (Tex. Crim. App. 2011). The record shows the trial court

---

[1] No substitute counsel will be appointed. Should Wright wish to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days after either this opinion is rendered or the last timely motion for rehearing or motion for en banc reconsideration is overruled by this court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with the clerk of the Court of Criminal Appeals. *See id.* R. 68.3. Any petition for discretionary review must comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See id.* R. 68.4.

appointed counsel to represent Wright pursuant to article 26.04 of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. art. 26.04. Therefore, the trial court found Wright to be indigent. *See id*. Nothing in the record shows a material change in Wright's financial circumstances. Absent a showing of a material change in Wright's financial circumstances, it would be error to assess court-appointed attorney's fees against Wright. *See Benavidez v. State*, 423 S.W.3d 520, 522 (Tex. App.—San Antonio 2013, no pet.). Because the "TBD" reference indicates such fees could be assessed once an amount is determined, we order the trial court clerk to prepare and file a corrected bill of costs showing no court-appointed attorney's fees are assessed against Wright. *See Moody v. State*, No. 04-16-00017-CR, 2017 WL 2124512, at *1 (Tex. App.—San Antonio 2017, no pet.) (mem. op.) (not designated for publication) (ordering corrected bill of costs when appellant is indigent and bill of costs listed amount of court-appointed attorney's fees as "TBD").

Luz Elena D. Chapa, Justice

Do Not Publish