

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-25-00576-CR

Caleb Michael **LEUTZINGER**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 198th Judicial District Court, Bandera County, Texas
Trial Court No. BADC-CROF-22-0000042
Honorable M. Patrick Maguire, Judge Presiding

Opinion by:    Adrian A. Spears II, Justice

Sitting:    Lori I. Valenzuela, Justice
Adrian A. Spears II, Justice
H. Todd McCray, Justice

Delivered and Filed: June 10, 2026

AFFIRMED AS MODIFIED; MOTION TO WITHDRAW GRANTED

On September 23, 2022, Caleb Michael Leutzinger pled guilty to the offense of evading arrest or detention with a vehicle. The trial court deferred adjudication of guilt and placed Leutzinger on six years' deferred adjudication probation. On March 19, 2025, the State filed an amended motion to revoke Leutzinger's probation and adjudicate guilt. The motion alleged that Leutzinger had violated multiple conditions of deferred adjudication probation. At the revocation/adjudication hearing, Leutzinger pled true to some of the violations alleged in the

State's motion, and the State presented testimony from two witnesses. The trial court adjudicated Leutzinger's guilt and sentenced him to six years in prison. Leutzinger appealed.

Leutzinger's court-appointed appellate counsel has filed a brief and a motion to withdraw in accordance with *Anders v. California*, 386 U.S. 738 (1967). With citations to the record and legal authority, counsel's brief explains why there are no arguable appellate issues and concludes that this appeal is frivolous and without merit. *See id*. at 744-45; *High v. State*, 573 S.W.2d 807, 812-13 (Tex. Crim. App. 1978). The brief meets the requirements of *Anders*. *See* 386 U.S. at 744-45; *High*, 573 S.W.2d at 812-13. Additionally, counsel has certified that he served Leutzinger with copies of the brief and motion to withdraw, informed him of his right to review the record and file a pro se brief, and explained the procedure for obtaining the record. *See Kelly v. State*, 436 S.W.3d 313, 319-20 (Tex. Crim. App. 2014). We notified Leutzinger that he could request a copy of the record and file a pro se brief, but he did not do so.

After reviewing the record and counsel's brief, we conclude this appeal is frivolous and without merit. *See Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005). However, the judgment signed by the trial court assesses "Reimbursement Fees" against Leutzinger in the total amount of $1086.00. The district clerk has filed a bill of costs, which reflects that Leutzinger was assessed $550.00 in attorney's fees to reimburse the costs for his court-appointed attorney in the revocation/adjudication proceeding.[1] There is nothing in the record to support a finding that Leutzinger's financial circumstances changed after the trial court found him to be indigent and appointed counsel to represent him. *See Wiley v. State*, 410 S.W.3d 313, 317 (Tex. Crim. App. 2013) (explaining defendant who was previously found to be indigent is presumed to remain indigent and, absent proof of material change in financial circumstances, evidence will not support

---

[1]The bill of costs also reflects that Leutzinger was charged for court-appointed attorney's fees when he was placed on deferred adjudication probation.

the imposition of attorney's fees); *see also* TEX. CODE CRIM. PROC. ANN. art. 26.04(p). Absent a showing of a material change in Leutzinger's financial circumstances, it was error for the trial court to assess court-appointed attorney's fees against Leutzinger. *See Fulmer v. State*, 401 S.W.3d 305, 318–19 (Tex. App.—San Antonio 2013, pet. ref'd).

We modify the judgment to delete the $550.00 in court-appointed attorney's fees assessed against Leutzinger for the revocation/adjudication proceeding. *See Woods v. State*, No. 04-21-000140-CR, 2022 WL 299897, at *1 (Tex. App.—San Antonio Feb. 2, 2022, no pet.) (mem. op., not designated for publication) (modifying revocation/adjudication judgment and ordering corrected bill of costs to delete assessment of attorney's fees against indigent defendant). The district clerk is ordered to prepare and file a corrected bill of costs that deletes the $550.00 in attorney's fees assessed against Leutzinger for the revocation/adjudication proceeding. *See id.*; *see also Benavidez v. State*, 423 S.W.3d 520, 522 (Tex. App.—San Antonio 2014, no pet.).

The judgment of the trial court is affirmed as modified and counsel's motion to withdraw is granted.[2] *See Nichols v. State*, 954 S.W.2d 83, 85-86 (Tex. App.—San Antonio 1997, no pet.); *Bruns v. State*, 924 S.W.2d 176, 177 n.1 (Tex. App.—San Antonio 1996, no pet.).

Adrian A. Spears II, Justice

DO NOT PUBLISH

---

[2]No substitute counsel will be appointed. Should Leutzinger wish to seek further review by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from either the date of this opinion or from "the day the last timely motion for rehearing or timely motion for en banc reconsideration was overruled by the court of appeals." *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with the clerk of the Texas Court of Criminal Appeals. *See id.* R. 68.3. Any petition for discretionary review must comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See id.* R. 68.4.